```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA RAMALES,

        Plaintiff,

  -against-

LUCKY COIN 888 LAUNDROMAT INC. et al.,

        Defendants.

24-CV-5745 (MMG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Juana Ramales commenced this action on July 30, 2024, seeking payment of unpaid minimum and overtime wages, and related relief, from defendants Lucky Coin 888 Laundromat Inc. (Lucky Coin), Wenjin Lin, and Yanfang Lui, who are alleged to own, operate, or control a laundry service located in New York, New York. (Dkt. 1.)

    On August 2, 2024, plaintiff served defendant Lucky Coin with process, through the New York Secretary of State, making its answer due on August 23, 2024. (Dkt. 9.) On August 6, 2024, plaintiff served individual defendants Wenjin Lin and Yanfang Lui, at the Lucky Coin Laundromat, located at 2156 2nd Avenue, New York, New York, 10029, making their answers due on August 27, 2024. (Dkts. 10, 11.)

    On September 9, 2024, defendants having failed to appear and defend this action, the Court ordered plaintiff to file any motion for default judgment by October 9, 2024, if defendants failed to respond to the Complaint or appear by September 30. (Dkt. 12 at 1.) The Court also ordered defendants to file any opposition to any motion for default judgment by October 24, 2024, and to appear and show cause before the Court on Wednesday, November 6, 2024, why an order should not be issued granting default judgment against them. *Id.* On September 10, 2024, plaintiff filed proof of service of the Court's September 9 Order. (Dkt. 13.)

    Thereafter, defendant Lucky Coin mailed an undated letter to the Chambers of the Hon. Margaret M. Garnett, United States District Judge, stating that it had sent plaintiff a response to the Complaint on August 24, 2024. (Dkt. 16 at ECF pp. 1-2.) Lucky Coin attached this response, which bore the typed signature "Lucky Coin 888 Laundromat" (with no individual name attached), and which stated generally that Lucky Coin "denies the allegations of these claims," but did not address any of plaintiff's specific factual allegations. *Id*. at ECF p. 3. Instead, the letter stated that Lucky Coin was "not in a position to afford legal representation at this time." *Id.* at ECF p. 3.

    On September 27, 2024, the Court referred this action to me for settlement (Dkt. 14) and directed the Clerk of Court to attempt to locate pro bono counsel to represent Lucky Coin at the settlement conference. (Dkt. 15.) The Court ordered that "**[i]f** counsel is located **and** counsel determines that the interests of all Defendants are aligned, counsel may represent **all** Defendants for the purposes of settlement negotiations and the settlement conference, and that representation will terminate at the conclusion of the settlement process." (Dkt. 15 at 1.) The Court directed the

parties to contact me to schedule a date for the settlement conference, once counsel for defendants has filed a Notice of Limited Appearance of Pro Bono Counsel. (*Id.*)

Pro bono counsel for defendants was located. The Court has been informed that on November 1, 2024, attorney Michael Samuel, of the Samuel Law Firm, sent defendants an introductory letter via certified mail, to 2156 2nd Avenue, New York, New York 10029. Mr. Samuel sent another letter to the same address on December 13, 2024, via FedEx. Defendants have yet to respond to either letter or otherwise contact Mr. Samuel. Mr. Samuel also attempted to reach defendants via phone, by calling two phone numbers publicly available via Lucky Coin's Google Maps results, but was not able to reach defendants.

**Defendants are hereby advised** that, while individual defendants Wenjin Lin and Yanfang Lui may represent themselves in this Court, in order to do so they must file notices of pro se appearance that include their contact information. To assist defendants, a copy of this Court's Answer and Notice of Appearance guide for pro se litigants is attached to this Order. Defendants are further advised that a business entity such as Lucky Coin cannot represent itself in this Court. It must be represented by an attorney admitted to practice in this District. **Defendants are further advised that if they fail to appear and defend this action, a default judgment may be entered against them**.

It is hereby ORDERED that Defendants contact Mr. Samuel no later than **December 27, 2024**. Mr. Samuel can be reached via email at michael@thesamuellawfirm.com, or via phone at (201) 926-9921. No later than **January 3, 2025**, Mr. Samuel is directed to either file an appearance in this action (should defendants agree to his representation), or update the Court, via letter addressed to Judge Moses, as to whether he anticipates that he will represent defendants for settlement purposes.

The Clerk of Court is directed to mail a copy of this Order to defendants at: 2156 2nd Avenue, New York, NY 10029.

Dated: New York, New York
        December 19, 2024            SO ORDERED.

                                     _____
                                     **BARBARA MOSES**
                                     **United States Magistrate Judge**

*Pro Se* Office
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 230
New York, New York  10007

**Ruby J. Krajick**
CLERK OF COURT

## HOW TO FILE AN ANSWER

An answer is a formal written response to the plaintiff's complaint in which the defendant responds to all of the allegations in the complaint and sets forth any defenses to all or part of plaintiff's claims.  An answer is filed by the defendant after s/he has been served with a copy of the complaint.  If you have been served with a summons and complaint, you have twenty-one (21) days to file an answer.  The United States government, its agencies, and employees have sixty (60) days to file an answer.  See Rule 12 of the Federal Rules of Civil Procedure.  If you have waived formal service of the summons and complaint by completing a waiver of service form sent to you by the plaintiff, you have sixty (60) days from when the waiver was sent to you to file an answer (or ninety (90) days if the defendant was sent the waiver outside of the United States).  See Rule 4(d) of the Federal Rules of Civil Procedure.  If you do not file an answer within the required time period, you may be in default, and the plaintiff may be able to obtain a default judgment against you.

In your answer, you must deny each statement in the complaint that is untrue and admit each statement that is true.  See Rule 8 (b) of the Federal Rules of Civil Procedure.  If you do not have sufficient information either to admit or deny a statement in the complaint, you must still respond to that statement.  An appropriate response may be that you "do not have sufficient information or knowledge to admit or deny" the statement in the complaint.  You should note that any statement in the complaint not specifically denied will be deemed admitted.

In addition to admitting or denying the allegations in the complaint, you should include in your answer any legal defenses you may have.  See Rule 8(c) of the Federal Rules of Civil Procedure.  A legal defense is one in which, even assuming the truth of plaintiff's allegations in the complaint, the law does not permit the plaintiff to win the case.  You should be careful in deciding whether to raise a defense.  Rule 12(b) of the Federal Rules of Civil Procedure states that certain defenses may be waived if you fail to raise them in the answer or a pre-answer motion.  In other words, if you fail to raise a legal defense in your answer, you may not be able to raise it later in the case.

1

You may also include in the answer any counterclaims you may have against the plaintiff. See Rule 13 of the Federal Rules of Civil Procedure. A counterclaim is a claim that a defendant has against a plaintiff that arises out of the same events or transactions. The answer should also include any claims you may have against other defendants, called cross-claims, or any claims you may have against someone not already in the lawsuit, called third-party claims. See Rule 14 of the Federal Rules of Civil Procedure.

A sample answer form is attached as a guide, and an answer form is attached for your use. Before filing your answer, you must send a copy to the plaintiff (if plaintiff is appearing *pro se*) or plaintiff's attorney (if plaintiff is represented by counsel). To file your answer, you may deliver it in person or send it by mail to the *Pro Se* Office. You must attach a completed affirmation of service to the original answer you file with the court.

> **Note:** *If you need more time to file your answer, you should ask the plaintiff (or plaintiff's attorney if the plaintiff is not appearing pro se) to consent to an enlargement of time. See Rule 6 (b). If plaintiff will not consent, you can make a motion for an enlargement of time (The Pro Se office has separate instructions for preparing a motion). You should check your Judge's Individual Practice for further guidance on making a motion.*

If you are appearing *pro se* (without an attorney), you must notify the Court and the other parties in writing. You must complete a Notice of Appearance form and send copies to the other parties (if they are appearing *pro se*) or their attorneys (if they are represented by counsel). You must then attach a completed affirmation of service form to the Notice of Appearance and deliver it in person or send it by mail to the *Pro Se* Office for filing. A Notice of Appearance form is attached for your use.

If you have any questions, please contact the *Pro Se* Office, (212) 805-0175, during business hours, 8:30am - 5:00pm, Monday - Friday (except federal holidays). Please note that the *Pro Se* Office cannot accept collect calls.

*Rev. 05/2010*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jane Doe

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

John Smith and Larry Jones

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

**[SAMPLE]**

 09  Civ.  1234  (ABC) (DE)

**ANSWER**

**I**

**ADMISSIONS AND DENIALS**

*In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint. Attach additional sheets of papers as necessary.*

1. The defendant admits that he is a teacher at New York High School in New York City. The defendant does not know whether the other information in paragraph 1 of the complaint is true or false.

2. The defendant admits that this court has subject matter jurisdiction over this lawsuit.

3. The defendant denies that his principal place of business is in Brooklyn, New York.

4. The defendant admits the allegations in paragraph 4 of the complaint.

5. The defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 5 of the complaint.

*Rev. 05/2010*

## II
### DEFENSES

*In this section, state any legal theories that, even assuming that what plaintiff has alleged in the complaint is true, do not permit the plaintiff to win the case. Attach additional sheets of paper as necessary.*

FIRST DEFENSE:
     This Court lacks venue over this action.

SECOND DEFENSE:
     The statute of limitations bars this action in that the events described in the complaint occurred more than three years before the lawsuit was commenced.

**WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

*[If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you should attach additional sheets of paper to set forth the facts and bases for any such claims. See the Pro Se Manual for a further explanation.]*

## III
### COUNTERCLAIMS

1. Plaintiff is the owner of a green and white Oldsmobile, New York license plate number 3G-R2D2.
2. On January 15, 2002, plaintiff was driving his Oldsmobile in a negligent manner and collided with defendant on Flatbush Avenue in Brooklyn, New York.
3. As a result of the collision defendant was knocked down, broke his arm and suffered great pain of body and mind.
4. As a result of the collision, defendant was prevented from teaching, his sole source of income, and incurred expenses for medical attention, hospitalization, and physical therapy in the sum of $175,000.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this  1   day of   July        , 20 09 .

                              Signature of Defendant        /s/ John Smith
                              Address                      35 Cherry Tree Lane
                                                           Bronx, New York  11112
                              Telephone Number             (718) 555-0000

                              Fax Number (if you have one)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
:
_____ ,           :
                                              :   **NOTICE OF APPEARANCE**
               Plaintiff,                     :
                                              :
   -against-                                  :
                                              :   Docket Number:
                                              :
_____ ,           :   \_\_\_\_ Civ. _____ (      )
                                              :
               Defendant,                     :
                                              :
_____X


Please take notice that the undersigned _____
                                                           (*Your name*)

hereby appears Pro se in the above captioned matter and that all future correspondence and papers in connection with this action are to be directed to the undersigned.



Dated: _____
            New York, New York


                                                    _____
                                                    Signature

                                                    _____
                                                    Address

                                                    City, State, Zip Code

                                                    _____
                                                    Telephone Number


*Rev. 05/2010*